IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUZETTE SHECKLEFORD, et al., | § | |
| Plaintiffs, | § | |
| and | § | Civil Action No. 3:18-CV-1208-D |
| QBE INSURANCE COMPANY, | § | |
| Intervenor, | § | |
| VS. | § | |
| VSE CORPORATION, | § | |
| Defendant-Third-Party Plaintiff, | § | |
| VS. | § | |
| BEDFORD INDUSTRIES, INC., | § | |
| Defendant-Third-Party Defendant, | § | |
| VS. | § | |
| SEECO INDUSTRIES, LTD., | § | |
| Third-Party Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this diversity action, third-party defendant Seeco Industries, Ltd. ("Seeco") moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The principal question presented is whether intervenor QBE Insurance Company's ("QBE's") claims against Seeco are barred by the statute of limitations. Concluding that the instant statute of limitations issue

is better resolved on summary judgment, the court denies the motion to dismiss.

I

This action stems from a 2016 workplace accident. On April 8, 2016 Dwight Junior Sheckleford ("Dwight") was injured at work and died after an oil filter crusher fell from a forklift and struck him. Dwight was employed by defendant-third-party plaintiff VSE Corporation ("VSE"). Plaintiff Suzette Sheckleford, individually, as representative of Dwight's estate, and as next friend of D.S., minor, and Darwin Jayvon Sheckleford sued VSE on June 23, 2017 in Texas state court. VSE, in turn, filed third-party claims against defendant-third-party defendant Bedford Industries, Inc. ("Bedford")[1] related to the design, manufacture, and/or distribution of the crusher, and plaintiffs amended their state-court petition to include claims directly against Bedford.[2] Bedford (with the consent of VSE) removed the case to this court based on diversity jurisdiction in May 2018. In August 2018 QBE intervened in the action "as subrogee of VSE Industrial Corporation," asserting negligence claims against Bedford. Several days later, VSE filed an amended third-party complaint that added Seeco as a third-party defendant and alleged that Seeco designed, manufactured, and/or distributed the crusher. Then, in November 2018, QBE filed an amended petition in intervention to include Seeco.

---

[1] Bedford was incorrectly named as "Bedford Industries, Inc. d/b/a OBERG® Filter Crushers" in various pleadings.

[2] Bedford is therefore both a defendant and a third-party defendant because after VSE asserted a third-party claim against Bedford, plaintiffs sued Bedford directly.

Seeco moves to dismiss QBE's claims against it under Rule 12(b)(6), maintaining that the claims are barred by the statute of limitations. QBE opposes the motion.[3]

II

"A motion to dismiss for failure to state a claim pursuant to [Rule] 12(b)(6) is a valid means to raise a limitations defense if the defense clearly appears on the face of the complaint." *Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987) (citing *Kaiser Aluminum's Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)); *accord Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017).

Seeco contends that a two-year statute of limitations bars QBE's claims against it because the accident in question occurred on April 8, 2016, yet QBE's intervention petition adding Seeco was not filed until November 13, 2018—2½ years after the accident. QBE maintains that its claims against Seeco are not barred because they relate back to the original

---

[3]QBE's response fails to comply with N.D. Tex. Civ. R. 7.1(i)(1) and (i)(4) and Rule 7.2(e). Rule 7.1(i)(1) provides that "[a] party who relies on materials—including depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials—to support or oppose a motion must include the materials in an appendix." Rule 7.1(i)(4) provides, in relevant part, that "[e]ach page of the appendix must be numbered legibly in the lower, right-hand corner. The first page must be numbered as '1,' and succeeding pages must be numbered sequentially through the last page of the entire appendix (*i.e.,* the numbering system must not re-start with each succeeding document in the appendix)." Rule 7.2(e) states that "[i]f a party's motion or response is accompanied by an appendix, the party's brief must include citations to each page of the appendix that supports each assertion that the party makes concerning any documentary or non-documentary materials on which the party relies to support or oppose the motion." QBE is reminded of the need to follow the local civil rules when filing or opposing motions in this case.

filing by the Sheckleford plaintiffs. QBE cites Rule 15(c)(1)(C) to support its position.[4]

Rule 15(c)(1)(C) applies when an amendment concerns the conduct, transaction, or occurrence set out in the original pleading, and when, within 90 days of filing the original complaint (i.e., the period provided by Rule 4(m)), "the party sought to be added . . . had notice of the action and either kn[ew] or should have known that the action would have been brought against it absent a mistake as to identity." *Ortiz v. Singer*, 2017 WL 2505674, at *2 (S.D. Tex. June 9, 2017) (Rosenthal, C.J.) (alteration in original; citation omitted). Rule 15(c) is meant to allow relation back "only if the change is the result of an error, such as a

---

[4]Rule 15(c)(1) provides:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

misnomer or misidentification." *Miller v. Mancuso*, 388 Fed. Appx. 389, 391 (5th Cir. 2010) (per curiam) (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir.1998)). "[F]ailing to identify individual defendants cannot be characterized as a mistake." *Id.* (alteration in original; citation omitted). The Fifth Circuit infers notice to a proposed added or substituted defendant "if there is an identity of interest between the original defendant and the defendant sought to be added or substituted." *Jacobsen*, 133 F.3d at 320 (citation omitted). "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* (citation omitted). "In this regard, notice may be imputed to the new party through shared counsel." *Id.* (citation omitted).

Without deciding whether QBE can satisfy the requirements of Rule 15(c)(1)(C), the court concludes that the availability *vel non* of Seeco's limitations defense is better resolved via a summary judgment motion rather than through a Rule 12(b)(6) motion to dismiss. The statute of limitations defense neither clearly appears on the face of the complaint (here, the intervention petition) nor is clearly foreclosed by the facts alleged in the complaint. QBE has included an appendix in its response to Seeco's motion to dismiss that raises some question as to the timing of its knowledge of the fact that Seeco manufactured the crusher.[5] The court would need to consider this appendix, as well as any other evidence that Seeco might wish

---

[5]The court notes that an email that appears to notify QBE that Seeco (not Bedford) manufactured the crusher in question is not dated. *See* P. Resp. Ex. E. The unsworn motion states the email was sent on July 25, 2018.

to provide, before it could properly determine whether QBE's claims against Seeco are time-barred. But the court cannot rely on evidence outside of the complaint without converting Seeco's motion into a motion for summary judgment. *See, e.g., Silverston v. Clinton*, 2011 WL 4100958, at *3 n.4 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.).

To ensure that the parties have a fair opportunity to brief the issue under the proper standard and to present evidence pertinent to the issue,[6] the court in its discretion declines to convert Seeco's motion to dismiss into a motion for summary judgment. The court denies the motion to dismiss without prejudice to Seeco's later seeking summary judgment on statute of limitations grounds.[7]

\* \* \*

For the reasons explained, the court denies Seeco's motion to dismiss.

**SO ORDERED**.

March 20, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[6]Rule 12(d) provides that all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

[7]The court suggests no view concerning whether other grounds for dismissal may properly be raised before a motion for summary judgment is filed.